Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4845 | **DATE** | 6/13/2012 |
| **CASE TITLE** | Central States, Southeast and Southwest Areas Health and Welfare Fund, et al. vs. Lewis, et al. | | |

**DOCKET ENTRY TEXT**

Defendant David Lashgari and Beverly Lewis's motion for reconsideration and to set aside memorandum opinion and order [Dkt. #50] is denied. See statement section of this order for details.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

# STATEMENT

　　On May 15, 2012, the court granted plaintiffs Arthur Bunte, Jr. and Central States, Southeast and Southwest Areas Health and Welfare Fund's ("Central States") motion for a preliminary injunction and ordered defendants Beverly Lewis and David Lashgari ("defendants") to restore $180,033.46 to the settlement fund, which was a portion of the money that defendants received to settle claims arising out of Lewis's October 8, 2008 automobile accident. Central States alleges that it is entitled to this money as reimbursement for medical expenses it paid on Lewis's behalf resulting from her accident.

　　Defendants now ask the court to reconsider its order, arguing that the court ignored critical evidence showing that Central States was unlikely to succeed on the merits of its claims. Defendants maintain that Lewis only settled her post-accident claims against Joseph Hanson, her son-in-law, and L.E. Schwartz & Son, Inc., his employer, and as such, Central States is not entitled to any of the settlement funds to satisfy its subrogation and reimbursement rights. The critical evidence defendants believe the court overlooked was the affidavit of Officer Brad Brown, the responding officer to Lewis's accident, who stated *inter alia* that "there were no traffic violations committed by driver Joe Hanson in the underlying traffic accident." (Dkt. #50 Ex. A.) According to defendants, Officer Brown's testimony proved that Lewis was unable to establish liability for the accident and that the settlement related only to her post-accident claims.

　　Rule 59(e) requires that a motion to alter or amend judgment be filed within 28 days of the judgment, and "an order granting a preliminary injunction is a judgment within the meaning of the rule[.]" *Fin. Servs. Corp. of the Midwest* v. *Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985) (citation omitted); *see Wallace* v. *Miller*, No. 09-CV-342-JPG, 2010 WL 4284915, at *1 (S.D. Ill. Oct. 21, 2010) (order denying motion for preliminary injunction is reviewed under Rule 59(e) "since it is a substantive motion for reconsideration of an appealable order filed within 28 days of entry of the challenged order and it alleges errors of law and fact");

*see also* Charles Alan Wright et al., 11A *Federal Practice & Procedure* § 2962 (2d ed.) ("injunctive orders are considered to be outside the scope of Rule 54(b)"); Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); 28 U.S.C. § 1292(a)(1) ("Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting . . . injunctions[.]"); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").[1]

"Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures." *Wallace*, 2010 WL 4284915, at *1 (citations omitted). "[I]t is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Sigsworth* v. *City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) (internal quotations and citation omitted). Any errors of law or fact must be clearly established by the moving party. *See id.* The decision to grant or deny a Rule 59(e) motion rests with the sound discretion of the trial court. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Here, the court did not misapprehend defendants' arguments and defendants have failed to present any newly discovered evidence or intervening changes in the law that warrant reconsideration. As such, the court declines to alter or amend its previous order. *See, e.g., In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("[M]otions to reconsider are not at the disposal of parties who want to 'rehash' old arguments." (citation omitted)). Although the court did not cite Officer Brown's affidavit in its opinion, it considered his testimony in reaching its conclusion. It also carefully considered the other admissible evidence submitted by both parties and remains convinced that it came to the correct conclusion. The key issue was whether the settlement agreement covered all or some of the conduct alleged in Lewis's accident-related claims. Defendants presented no evidence regarding the terms of the settlement agreement except the self-serving testimony of Lewis, which the court declined to consider. Instead, defendants made a number of factual allegations that were unsupported by admissible evidence. Defendants failed to show, for example, that Lewis was unable to locate any witnesses or other evidence to counter Officer Brown's testimony or that she intended to re-file only her post-accident claims after voluntarily dismissing her lawsuit. Given the high value of the settlement, the court was skeptical that Schwartz & Son and/or its insurance provider would have paid $500,000 to settle Lewis's claims for invasion of privacy and intentional infliction of emotional distress, particularly given the statement of Schwartz & Son's president under oath that the company never obtained Lewis's private medical information or disseminated it to others. (*See* Def.s' Resp. Ex. B Kruger Aff. ¶ 5.) Officer Brown's testimony, although relevant, does not alleviate the court's concerns.

To prevail on its motion for a preliminary injunction, Central States only needed to demonstrate a "better than negligible" likelihood of success on the merits of its claims. *Meridian Mut. Ins. Co.* v. *Meridian Ins. Grp.*, 128 F.3d 1111, 1114 (7th Cir. 1997). "This is an admittedly low requirement[.]" *Girl Scouts of Manitou Council, Inc.* v. *Girl Scouts of U.S.A.*, 549 F.3d 1079, 1096 (7th Cir. 2008). The court's May 15, 2012 order was not a final determination on the merits of Central States's claims for a subrogation lien, equitable lien and constructive trust; it was merely a preliminary determination that the settlement fund should be restored pending a final determination on the merits. After considering the admissible evidence presented by both parties, the court concluded that Central States had met its burden of showing some likelihood of success on the merits of at least one of its claims. This conclusion remains sound. Defendants' motion to reconsider is denied.

---

1. Defendants filed their motion to reconsider within 28 days of the court's opinion and order.