# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, <br><br> Plaintiff, <br><br> vs. <br><br> BEVERLY LEWIS and DAVID T. LASHGARI, <br><br> Defendants. | Case No. 11 C 4845 <br> Judge Joan H. Lefkow |

## OPINION AND ORDER

Defendants, Beverly Lewis ("Lewis") and David T. Lashgari ("Lashgari"), have moved under 28 U.S.C. § 1404(a) to transfer venue to the Northern District of Georgia. The plaintiffs are Central States, Southeast and Southwest Areas Health and Welfare Fund and one of its trustees ("Central States"). Central States's administrative offices are located in Chicago, Illinois. Defendants are both citizens and residents of Georgia. On October 8, 2008, Lewis sustained injuries in an automobile accident in Georgia. Central States paid for her medical care, as she was a covered participant in its health care plan. Central States now seeks to recover a portion of its expenses from Lewis and her lawyer, Lashgari. Defendants have moved to transfer the action to Georgia. For the reasons set forth herein, defendants' motion (Dkt. No. 52) will be denied.

**BACKGROUND**

This case arises from a vehicular accident that occurred in Georgia on October 8, 2008, in which Lewis was injured. Lashgari, an attorney, represented Lewis and her husband in a tort action filed in Bibb County, Georgia, against the driver of the vehicle, Joseph Hanson (who is Lewis's son-in-law), and his employer, the owner of the vehicle, L. E. Schwartz & Son, Inc. The underlying complaint alleged several counts of negligence against Hanson and Schwartz & Son[1] and loss of consortium by Lewis's husband. Lewis also claimed intentional infliction of emotional distress based on allegations that Hanson, after the accident, deliberately and maliciously prevented Lewis's grandchildren from visiting their severely injured grandmother, caused his wife and children to cut off all contact with Lewis, failed to apologize to her, and began to ridicule her to others. They claimed invasion of privacy alleging that Schwartz & Son, through Hanson, wrongly obtained and disseminated private medical information belonging to Lewis. On May 4, 2011, after a motion for summary judgment was filed, the Lewises voluntarily dismissed their complaint without prejudice. Shortly thereafter, the parties reached a $500,000 settlement. Lashgari took possession of the settlement fund, retained his fee, and disbursed the remainder to Lewis on June 15, 2011.

Central States has a contractual right under its benefit plan to reimbursement of the medical expenses it expended for Lewis's care after the accident.[2] In this litigation, filed July

---

[1] Schwartz & Son was accused of negligent entrustment of the vehicle; negligent hiring, training, supervision and retention of Hanson; and *respondeat superior* liability for Hanson's negligence.

[2] *See* Plan Document § 11.14, Ex. A. to Compl. (Dkt. No. 1-1 at 68 of 129) ("The Fund, whenever it makes any payment for any benefits on behalf of a Covered Individual or other person related to any illness, injury or disability (collectively and separately "Disability") of the person, is immediately subrogated and vested with subrogation rights ("Subrogation Rights") to all present and future rights of recovery ("Loss Recovery Rights") arising out of the Disability which that person and his . . . attorneys,

19, 2011, it seeks to recover $180,033.46, the amount of the settlement fund attributable to these expenses. Defendants are presently under a preliminary injunction, entered May 15, 2012 (Dkt. No. 42), that requires them to replenish the settlement fund in Lashgari's control in that amount. They have not complied, Lashgari having represented to the court that he is financially unable to do so and seeking relief from the order. Lewis has made no response to the order and has not sought relief from it.[3] Plaintiffs have filed a motion for a finding of contempt of court, which remains pending.

Defendants contend that the convenience of the parties and witnesses, as well as the interests of justice, require transfer of the case to the Northern District of Georgia. Central States opposes the motion, in part, because the motion was made after the adverse ruling on the motion for preliminary injunction and appears to be an effort to find a more friendly forum. Central States also argues that defendants cannot show that the convenience of the parties and witnesses or the interests of justice would be served by transfer.

**LEGAL STANDARD**

ERISA allows a fund to file in the district where the plan is administered and provides for nationwide service of process. *See* 29 U.S.C. §§ 1132(e)(2) & 1451(d). The court, however, may transfer venue under 28 U.S.C. § 1404(a). *See Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund* v. *Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (upholding the

---

agents and other representatives (individually and collectively called the "Covered Individuals") may have. The Fund's Subrogation Rights extend to all Loss Recovery Rights of the Covered Individual.")

[3] On June 12, 2012, Lewis moved to dismiss for lack of personal jurisdiction based on a representation that service was not properly made. (Dkt. No. 58). Lashgari entered an appearance on Lewis's behalf on October 11, 2011, and filed numerous documents for her. (Dkt. No. 17.) Bradley Wartman entered an additional appearance for her on July 17, 2012. (Dkt. No. 71.) His name is not on the reply brief filed in support of the motion to dismiss.

constitutionality of ERISA's venue and process provisions, but acknowledging that transfer of venue may occur in an appropriate case).[4] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The moving party must show that venue is proper in the this district and in the transferee district; (2) that transfer serves the convenience of the parties and witnesses, and (3) that transfer is in the interests of justice. *See Gueorguiev* v. *Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007) (citing *Bryant* v. *ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999)). As summarized by Judge Plunkett,

> In a motion for transfer, the defendant bears the burden of overcoming the strong presumption that the plaintiff's forum of choice is the most convenient. To meet this burden, a defendant must show that the private interests of the parties and the public interests of the court are best served in an alternative forum. Private interest factors to be considered include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses; and (4) the convenience to the parties, their residences and their abilities to bear the expense of trial in a particular forum. Public interest factors include: (1) the relationship between the forum community and the subject of the litigation; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets.

*Finley* v. *Dun & Bradstreet Corp*. No. 05 C 5134, 2006 WL 861920, at *1 (N.D. Ill. Mar. 30, 2006) (internal citations omitted); *but see Cent. States, Se. & Sw. Areas Pension Fund* v. *Gelock*

---

[4] Defendants cite *Sheet Metal Workers* for the Seventh Circuit's statement that the transfer provisions of 28 U.S.C. § 1404(a) protect defendants' interests in not having to defend a case in an inconvenient forum. Defs' Brief at 9–10 (Dkt. No. 52). There, an Indiana resident who had been served in Indiana defaulted in a case filed in Virginia, where the fund had its administrative offices. The reference to § 1404(a) merely pointed out the availability of transfer where convenience of the parties warrants it. *See Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund*, 212 F.3d at 1037 ("Defendants' legitimate interests are protected by 28 U.S.C. § 1404(a).") The holding of the case, however, means that the Lewises can be required to litigate in Illinois unless § 1404(a) justifies transfer.

*Transfer Line, Inc*, No. 90 C 4317, 1991 WL 36919, at *3 (N.D. Ill. Feb. 26, 1991) ("[W]here the convenience of the parties somewhat favors transfer and the convenience of the witnesses strongly favors transfer, the interest in simplifying ERISA collections is not decisive."). Since the weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, the decision to transfer is committed to the sound discretion of the trial court. *Coffey* v. *Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *see also Van Dusen* v. *Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). Each factor should be given the appropriate weight under the circumstances of the case. *Gueorguiev* v. *Max Rave, LLC*, 526 F. Supp. 2d 853, 856–57 (N.D. Ill. 2007). The parties agree that venue is proper both here and in the Northern District of Georgia. They dispute whether transfer is warranted for the convenience of the parties and witnesses and whether transfer serves the interests of justice.

## ANALYSIS

**A.     Convenience of the parties and witnesses**

Before convenience can be fairly assessed, the issues for disposition of this case need to be identified. *See Cent. States, Se. & Sw. Areas Pension Fund* v. *Brown*, 587 F. Supp. 1067, 1070 (N.D. Ill. 1984) ("In considering the convenience of potential witnesses, the Court must consider. . . the nature and quality of [the witnesses'] testimony in relationship to the issues of the case."). There is no dispute that Lewis was a covered individual under Central States's welfare benefit plan and that the plan required her to reimburse Central States for the full amount of its outlay before she received any proceeds in full or partial satisfaction of the loss that gave

5

rise to the medical costs.  Thus, the sole liability issue is whether the settlement fund was created in full or partial satisfaction of the loss that gave rise to the medical costs.  (Defendants also indicate they may challenge whether all of the medical payments were attributed to the accident as opposed to treatment for other conditions.)

      1.  *The plaintiff's choice of forum*

In general, the plaintiff's choice of forum should be respected. (quoting *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)*; see Caudill* v. *Keller Williams Realty Int'l, Inc.*, No. 2:11-CV-428, 2012 WL 2856105, at *2 (N.D. Ind. July 11, 2012).  "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Nat'l Presto Ind., Inc.*, 347 F.3d at 664 (7th Cir. 2003) *(*quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).  *See Schumacher* v. *Principal Life Ins. Co.*, 665 F. Supp. 2d 970, 977 (N.D. Ind. 2009) ("A plaintiff's choice of forum is entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum.") (internal quotation marks omitted).  In cases arising under ERISA, this factor weighs even more in the plaintiff's favor because Congress's purpose in permitting a plan to file in its own district was to protect the financial integrity of benefit plans.  *See United Food & Commercial Workers Int'l Union-Industry Pension Fund* v. *Spartan Stores, Inc.*, No. 92 C 3345, 1992 WL 309545, at *2 (N.D. Ill. Oct. 20, 1992) (collecting cases) ("The congressional philosophy behind ERISA's venue provision [was] . . . to allow a plan to proceed in the district where it is administered so that the plan could maintain its financial integrity and conserve its assets.")

2. *The situs of material events*

Despite the preference for a plaintiff's choice of forum, "when the plaintiff's choice of forum is not the situs of the material events, plaintiff's choice is entitled to less deference." *Caudill*, 2012 WL 2856105, at *2. Defendants propose to demonstrate that Hanson did not cause the accident and that, since he is not liable, the post accident medical expenses were not all attributable to Lewis's medical costs. They would call Lewis's physicians to demonstrate that Lewis had pre-existing physical conditions that caused her disability and pre-existing anxiety and depression that were exacerbated by Hanson's intentional conduct after the accident. Defendants also would call witnesses to the accident to demonstrate that Hanson was not negligent and therefore was not liable for the accident, thus the negligence claims were worthless. All of these witnesses are residents of Georgia.

Central States believes the proof necessary for equitable relief is simply the settlement document, "General Release and Indemnity Agreement," which, *inter alia*, releases Hanson and Schwartz & Son from all claims or liabilities of any kind to date which the Lewises had against them, specifically including all claims made in the Bibb County litigation.[5] As such, Central States argues, the material events occurred in northern Illinois, where Central States processed and paid nearly 175 claims for Lewis's medical expenses. Further, Central States contends that any relevant documents can readily be transported through digital imaging which is no more costly than delivering them across town. *See Rabbit Tanaka Corp USA* v. *Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N.D. Ill. 2009).

---

[5] The Lewises and Lashgari further agreed "to indemnify and hold harmless" a number of potential claimants, including "[a]ny claim asserted by any third-party administrator or other organization for subrogation," Dkt. No. 64-6 at 4, a clause indicating that Central States's claim was known and anticipated.

7

Whether Hanson was negligent will never be known. Neither is it relevant. If the settlement fund was created in full or partial satisfaction of the loss that Lewis suffered as a result of the accident, Central States has a right of recovery. Since defendants seem to concede that at least part of the medical expenses were attributable to the accident, the only conceivable defense would be to present evidence that, despite the coincident timing, the settlement had nothing to do with the . Those with knowledge of such a fact would be the lawyers who negotiated the settlement, their clients, and representatives of the liability insurance carriers involved. The evidence would include these witnesses' testimony, the lawyers' work product and the carriers' relevant documents.

Thus, the situs of material events giving rise to the pending case is in the Northern District of Illinois, although the situs of the proffered defense is in the Northern District of Georgia.

> 3. *The relative ease of access to sources of proof in each forum, including the courts' power to compel the appearance of unwilling witnesses and the costs of obtaining the attendance of witnesses*

The court agrees with Central States's argument that the case will not likely be disposed of by a trial. Indeed, nowadays few federal civil cases—particularly non-jury cases—are resolved through trial, such that contemporary litigation practices make the choice between one or the other situs of material events relatively unimportant to laying venue in a civil case. Typically, one or both parties move for summary judgment, supporting the motion with deposition testimony and documents, and the response in opposition does the same. This will likely occur here, as well. Of course, Central States's counsel will likely have to travel to Georgia to depose witnesses, but this would still minimize its litigation expenses compared to having to add travel to

8

Georgia to attend court hearings. Central States's evidence, on the other hand, is principally found in its documents which can be readily electronically transmitted to defendants in their home state.

The relative ease of access to sources of proof in each forum is likely about equal between the two districts. The court's power to compel the appearance of unwilling witnesses is equal unless the case goes to trial. The costs of obtaining the attendance of witnesses at a trial would weigh somewhat in favor of defendants; certainly, compelling the appearance of an unwilling defense witness at trial would require venue to be in Georgia. But even in that instance, transfer is not necessary because the court may admit the deposition testimony of an unavailable witness. *See* Fed. R. Civ. P. 32(a)(4)(B). Overall, this factor does not weigh significantly in either side's favor.

   4. *Convenience to the parties, their residences and their abilities to bear the expense of trial in a particular forum*

Lewis states that she is a disabled individual who has been receiving Social Security disability benefits since March, 2009 (perhaps not coincidentally beginning less than five months after the accident). She asserts that it would be financially burdensome and extremely inconvenient for her individually to litigate in Illinois, and bringing all defendants' witnesses to Chicago for a hearing would be far more expensive than requiring Central States to travel to Georgia. Although the extent of Lewis's disability is not made of record, the court has little doubt that Central States has greater resources than defendants to litigate this case, a factor that weighs in favor of defendants.

**B.     The interests of justice**

The interests of justice include the relationship between the forum community and the subject of the litigation; the respective courts' familiarity with applicable law; and the congestion of the respective court dockets. Defendants assert only that the Georgia federal court is more familiar with Georgia law, which is undoubtedly true. But to the extent state law applies in this case, under the plan, Illinois law applies. *See* Plan Document, Ex. A to Compl., § 11.11 (Dkt. No. 1-1, p. 67 of 129). Either federal court is certainly competent to entertain this rather straightforward case, but familiarity with Georgia law does not add weight to defendants' side of the scale.

Central States argues that the timing of this motion, after the court granted a preliminary injunction against defendants, indicates defendants' motive is actually to find a more friendly forum. It cites *Edsall* v. *CSX Transportation, Inc*., No. 05-CV-903-WDS, 2006 WL 3302679, at *2 (S.D. Ill. Nov. 14, 2006), *Commercial Union Insurance Co.* v. *Emery Air Freight Corp*., No. 92 Civ. 6513 (LMM), 1995 WL 232757, at *1 (S.D.N.Y. Apr. 19, 1995), and *Blumenthal* v. *Management Assistance, Inc*., 480 F. Supp. 470, 471–472 (N.D. Ill. 1979). These cases considered delay as a factor, although none entailed a situation where the motion followed on the heels of an adverse ruling. The timing of the pending motion within less than a year from filing is not a strong factor against transfer. On the other hand, the filing of the motion after an adverse ruling suggests forum shopping, which is against the public's interest in the impartial administration of justice. As for the congestion of the courts' respective dockets, the elapsed time

from filing to disposition is slightly longer in the Northern District of Illinois, as is the caseload per judgeship, but these differences are slight and have little bearing on the court's decision.[6]

Defendants have cited a number of cases filed to recover employer contributions in which the court transferred to the defendant's home district. *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund* v. *KAW Transport Corp.*, No. 96 CV 7935, 1997 WL 135680, at *5 (N.D. Ill. Mar. 21, 1997) (where terms of collective bargaining agreement were in dispute as well as the amount of contributions due, union and employer were located in Missouri, and material witnesses and relevant documents were in Missouri, convenience of parties and witnesses favored transfer); *Cent. States, Se. & Sw. Areas Pension Fund* v. *Heid*, No. 93 C 5854, 1994 WL 55696, at **2–3 (N.D. Ill. Feb. 17, 1994) (where issue was whether insolvent employer and defendant were a single employer and the financial disparity of the parties was great, convenience of parties and witnesses favored transfer.); *Cent. States, Se. & Sw. Areas Pension Fund* v. *Brown,* 587 F. Supp. 1067, 1070 (N.D. Ill. 1984) (where amount of that liability would be determined from labor contracts, negotiations, and employment records were in transferee district, convenience of parties and witnesses favored transfer). Similarly, Central States cites a number of cases where the motion was denied. *E.g.*, *Rabbit Tanaka Corp. USA*, 598 F. Supp. 2d at 841 (denying transfer and stating, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue" (internal quotation marks omitted)); *see also Cent. States, Se. & Sw. Areas Pension Fund* v. *Ehlers Dist., Inc.,* No. 11 C 2691, 2012 WL

---

[6] *See* UNITED STATES COURTS, *Federal Court Management Statistics Reports September 2011*, http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx (last visited July 31, 2012).

581246, at * 4 (N.D. Ill. Feb. 22, 2012) (denying motion to transfer finding *inter alia* that "the Fund is located in the Northern District of Illinois, and the interest of justice favors simplifying the collection of withdrawal liability by administrators of pension funds" (internal quotation marks omitted)); *Cent. States, Se. & Sw. Areas Pension Fund* v. *Mills Invs., LLC,* No. 11 C 3297, 2011 WL 4901322, at *4 (N.D. Ill. Oct. 14, 2011) (denying motion to transfer and noting that "in ERISA actions, courts have held that the interest of justice is served where the costs of employee benefits funds are kept to a minimum"); *Cent. States, Se. & Sw. Areas Pension Fund* v. *White*, No. 99 C 1046, 1999 WL 447059, at *2 (N.D. Ill. June 25, 1999) (denying transfer and stating, "[I]n ERISA cases courts have recognized that a transfer away from the plaintiff fund's forum will increase a fund's litigation costs, dilute its pension assets and encourage employers to employ §1404(a) as a means of evading their obligation to the fund." (internal quotation marks omitted)). Given that Central States is located in this district and both courts are capable of applying the law and adjudicating the claim on its merits, the interests of justice favor litigating the case in this district where the fund is administered.

## CONCLUSION AND ORDER

Based on an evaluation of the relevant factors, the court concludes that defendants have failed to demonstrate that the convenience of the parties and the interests of justice weigh in favor of transfer of this case. The motion is, therefore, denied.

ENTER:

Dated: August 1, 2012

_____
JOAN HUMPHREY LEFKOW
United States District Judge